**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| SIN SANTO BAD, | Civil No. 11-46 (DWF/JJK) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| APRIL and JOE KETTLER, and<br>FOUR RIVERS PRODUCTS, INC., | |
| Defendants. | |

Plaintiff, a Minnesota state prison inmate, commenced this action by filing a civil complaint, and an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket Nos. 1 and 2.) By order dated January 14, 2011, (Docket No. 3), Plaintiff was advised that his IFP application would not be addressed, and his case would not go forward, until after he paid an initial partial filing fee of $34.59, as required by 28 U.S.C. § 1915(b)(1).

Plaintiff recently paid his initial partial filing fee, (Docket No. 5), and thus the matter is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that this action must be summarily dismissed for lack of subject matter jurisdiction.

**I.   BACKGROUND**

Plaintiff is attempting to sue April and Joe Kettler, who are alleged to be the owners of a business called "Four Rivers Produce Inc." Evidently, Plaintiff was employed by Defendants for some period of time during 2009. According to Plaintiff's complaint, Defendants allowed the Sheriff for Sherburne County, Minnesota, to affix a "GPS Mobile

Tracking device" to a vehicle they owned and used for their business.  Plaintiff sometimes drove the vehicle during the course of his employment.  After the GPS unit was attached to Defendants' vehicle, the Sherburne County Sheriff was able to monitor Plaintiff's movements while he was driving the vehicle.

An exhibit attached to Plaintiff's complaint shows that one day in 2009, Sherburne County Sheriff's officers tracked Plaintiff's movements while he was driving the vehicle to which the GPS unit was affixed.  By doing so, the Sheriff's officers discovered that Plaintiff had committed a home burglary while he was using Defendants' vehicle.  Plaintiff was later convicted on a charge of first degree burglary.

Plaintiff is now attempting to sue Defendants for allowing the Sherburne County Sheriff to attach a GPS unit to Defendants' vehicle.  Plaintiff's claims against Defendants are based on two Minnesota state statutes: Minn.Stat. § 625A.35, subd. (1), which allegedly prohibits the installation of a tracking device without a court order, and Minn.Stat. 626A.391, subd. (1), which allegedly creates a private right of action against a party who violates § 625A.35.[1]  Plaintiff is seeking a judgment against Defendants that would award

---

[1] Plaintiff's reference to Minn.Stat. § 62<u>5</u>A.35 is obviously erroneous, as there is no such statute.  He undoubtedly intended to cite Minn.Stat. § 62<u>6</u>A.35, subd. (1), which provides that –

> "Except as provided in this section, no person may install or use a pen register, trap and trace device, or mobile tracking device without first obtaining a court order under section 626A.37."

The other statute cited in the complaint, Minn.Stat. § 626A.391, subd. (1) provides that --

> "A person who is harmed by a violation of sections 626A.35 to 626A.39 may bring a civil action against the person who violated these sections for damages and other appropriate relief, including:

him compensatory damages in the sum of $50,000.00, and "back pay" for the entire duration of his current prison sentence. However, the Court finds that this action must be summarily dismissed for lack of subject matter jurisdiction.

## II. DISCUSSION

"Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua sponte." Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971), cert. denied, 405 U.S. 926 (1972), (citing Louisville and Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." (Emphasis added.)

Fed. R. Civ. P. 8(a) requires that every complaint filed in federal court must contain "(1) a short and plain statement of the grounds for the court's jurisdiction...." In this case, however, Plaintiff's complaint does not contain any statement showing the existence of federal subject matter jurisdiction. Moreover, the Court finds that, in fact, subject matter jurisdiction does not exist here.

The Court initially notes that subject matter jurisdiction cannot exist under the "federal question" statute, 28 U.S.C. § 1331, because there are no allegations suggesting that Plaintiff's claims are based on the Constitution, laws or treaties of the United States. Instead, Plaintiff has plainly alleged that he is attempting to sue Defendants based solely on Minnesota state statutes – specifically, Minn.Stat. §§ 626A.35 and 626A.391.

---

(1) preliminary and equitable or declaratory relief; and
(2) reasonable costs and attorney fees."

It is also readily apparent that subject matter jurisdiction cannot exist under the "diversity of citizenship" statute, 28 U.S.C. § 1332. Jurisdiction is conferred by that statute only when (i) the parties reside in different states, and (ii) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." Here, the record indicates that Plaintiff and all Defendants are Minnesota residents, so there obviously is no diversity of citizenship in this case.

Thus, the Court concludes that federal subject matter jurisdiction does not exist in this case under either the federal question statute or the diversity of citizenship statute. The Court will therefore recommend that this action be summarily dismissed pursuant to Fed. R. Civ. P. 12(h)(3).

Having determined that this action must be summarily dismissed for lack of jurisdiction, the Court will recommend that Plaintiff's IFP application be summarily denied. Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $350.00 filing fee for this case.[2] To date, Plaintiff has paid only $35.00, so he still owes $315.00. That amount will have to be deducted from Plaintiff's prison trust account, and paid to the Clerk of Court, in the manner prescribed by 28 U.S.C. §

---

[2] Under the Prison Litigation Reform Act of 1995, ("PLRA"), prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

1915(b)(2).

## III. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. This action be **DISMISSED** pursuant to Fed. R. Civ. P. 12(h)(3), for lack of subject matter jurisdiction;

2. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

3. Plaintiff be required to pay the unpaid balance of the statutory filing fee, namely $315.00, in accordance with 28 U.S.C. § 1915(b)(2).

Dated: February 9, 2011

    s/ Jeffrey J. Keyes
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 23, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.